Dear Mr. Grubb,
In March of 2010, the Caddo Parish Commissioners, the governing authority for Caddo Parish, received a request from the American Legion, Lowe-McFarlane Post No. 14 (the "Post"), for $45,000 in public funds to complete the construction and installation of an elevator at the American Legion Post. The Post previously received a $100,000 grant from the State of Louisiana through the 2006 Capital Outlay Act (2006 La. Acts 27) (the "Act") to partially fund the project. The Act did not require a local match from the Post in order to access the State funds. The cooperative endeavor agreement in this case was executed by the Post and the State of Louisiana on August 4, 2008.
In light of these facts, you ask whether the Caddo Parish Commissioners may grant the Post's request for $45,000 to help pay for an elevator to be constructed and installed at the American Legion Post.
Because your question involves the use of public funds, it must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Board of Directors of the IndustrialDevelopment Board *Page 2 of the City of Gonzales, Louisiana, Inc. v. All Taxpayers, PropertyOwners, Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20. It has been the consistent opinion of this office that in order for an expenditure of public funds to be permissible under La.Const. art. 14(A) or (C), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. See
La. Atty. Gen. Op. Nos. 09-0271, 09-0259, 09-0251, 09-0146 and 07-0050A.
Normally, we would not conclude that constructing an elevator in a private building constitutes a public purpose that the Caddo Parish Commissioners are authorized to undertake. However, our determination is different under the facts you presented because the Louisiana Legislature has determined it appropriate to include this particular American Legion project in the capital outlay budget.[1] La.Const. art. VII, Sec. 11(C) requires the legislature evaluate each capital improvement project through a feasibility study prior to the project's inclusion in the comprehensive capital outlay budget adopted by the legislature. The "procedures, standards and criteria for the evaluation of such feasibility studies" are established by law and include analysis of "need and estimates of construction and operating costs." La.Const. art. VII, Sec. 11(C); La.R.S. 39:101. The Legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject. M.J. Farms Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08), 998 So.2d 16, 27. Therefore, we must presume that the Legislature conducted the feasibility study of this project and made its determination to include it in the capital outlay budget with full knowledge and understanding of the constitutional prohibition against donating public funds found in La.Const. art. VII, Sec. 14. By including the American Legion project in the capital outlay budget, the Louisiana Legislature has determined that this particular American Legion project is being done to meet a public purpose. Therefore, we are bound by the legislature's determination that the project constitutes a public purpose.
We next turn to the second and third prongs of the Cabela's analysis: whether the expenditure is gratuitous and whether the public entity can expect to receive at least equivalent value in exchange for its expenditure of public funds. While the Caddo Parish Commissioners can rely on the Louisiana Legislature's determination that the American Legion project constitutes a public purpose, it *Page 3 
cannot rely on the State's determination that it (the State) will receive equivalent value for the capital outlay funds it gives to the American Legion. That determination must also be made by the Caddo Parish Commission based on the amount of public funds it plans to donate to the American Legion. We have not been provided with any indication that Caddo Parish expects to receive anything (and certainly not equivalent value) in return for the $45,000 it would donate to the Post. Donating $45,000 to the American Legion for the elevator project without receiving equivalent value in exchange would constitute a violation of La.Const. art. VII, Sec. 14(A).[2]
Accordingly, it is the opinion of this office that the Caddo Parish Commissioners cannot donate $45,000 to the American Legion Post to help cover the cost of construction and installation of an elevator as there is no realistic expectation of receiving equivalent value in exchange for the public funds spent, thereby making such a donation a violation La.Const. art. VII, Sec. 14.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] This is not to say that just because a particular American Legion project was included in the capital outlay budget we can conclude that the legislature has determined that all American Legion projects constitute a public purpose. Rather, the feasibility study has been conducted and a public purpose found with only with regard to this particular American Legion project.
[2] Similarly, the donation could not be made pursuant to a cooperative endeavor agreement under La.Const. art. VII, Sec. 14(C) because Paragraph (C) merely supplements the prohibition against gratuitous donations contained in Paragraph (A). You cannot donate money under a cooperative endeavor agreement if the donation would not be permissible under Paragraph (A).